USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/22/09_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVER VIEW SHIPPING LIMITED

              Plaintiff,

    -against-

KOREALINE CORPORATION
a/k/a KOREA LINE CORPORATION

              Defendants.

**ECF CASE**

08 Civ. 09366 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

On November 3, 2008, this Court issued an order of attachment as to

Defendant Korealine Corporation pursuant to Rule B of the Supplemental Admiralty Rules

for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The

property to be attached took the form of electronic fund transfers ("EFTs") being processed

by intermediary banks in New York.

On October 16, 2009, the Second Circuit decided Shipping Corporation of

India Ltd. v. Jaldhi Overseas Pte Ltd., 08-3477-cv (L), 08-3758-cv (XAP). In that decision,

the court, with the consent of all of the judges in active service, overruled Winter Storm

Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002), concluding "that EFTs being

processed by an intermediary bank are not subject to attachment under Rule B." Shipping

Corp. of India, at *1-2.

In light of the Second Circuit's decision in Shipping Corporation of India Ltd.

v. Jaldhi Overseas Pte Ltd., it is hereby ORDERED that this Court's November 3, 2008 order

of attachment will be vacated and the complaint dismissed without prejudice if Plaintiff does

not show good cause in writing by **October 29, 2009** why the attachment should be

maintained.


Dated: New York, New York
October 21 , 2009

SO ORDERED.

Paul G. Gardephe
United States District Judge